IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMARE WATERS, | : | |
| Movant/Defendant, | : | |
| v. | : | Civ. Act. No. 12-1593-LPS |
| | : | Cr. Act. No. 09-29-LPS |
| UNITED STATES OF AMERICA, | : | |
| Respondent/Plaintiff. | : | |

Jamare Waters, *Pro se* Movant.

Shawn Weede, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Respondent.

**MEMORANDUM OPINION**[1]

September 10, 2015
Wilmington, Delaware

---

[1] This case was originally assigned to the Honorable Joseph J. Farnan, Jr., and was re-assigned to the undersigned's docket on November 26, 2012.

/s/ Leonard P. Stark

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Jamare Waters ("Movant") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (D.I. 40; D.I. 48) The United States Government ("Respondent") filed an Answer in Opposition. (D.I. 54) For the reasons discussed, the Court will deny Movant's § 2255 Motion as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2255(f) without holding an evidentiary hearing.

## II. BACKGROUND

On September 16, 2009, Movant waived indictment and pled guilty to a two count Felony Information, charging him with possession with intent to distribute five grams or more of cocaine base (21 U.S.C. §§ 841(a)(1) & (b)(1)(B)), and possession of a firearm by a person prohibited (18 U.S.C. § 922(g)(1) & § 924(a)(2)). (D.I. 19; D.I. 20; D.I. 21) Pursuant to the Plea Agreement, Movant entered into several stipulations. First, Movant agreed that he had a prior conviction for a "controlled substance offense," as defined by United States Sentencing Guideline Section 4B1.2(B), as well as a prior conviction for a "crime of violence" as defined by Section 2B1.2(a). (D.I. 21 ¶ 5) Second, Movant agreed that he would not argue for a sentence of less than 120 months (ten years). (D.I. 21 ¶ 6) Third, Movant agreed to waive his appellate rights, as well as his rights to collaterally attack the judgment, as set forth below:

> [Movant] knowingly and voluntarily waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, and further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence. This waiver is subject to the following exceptions: (a) if the United States appeals from the sentence, [Movant] may take a direct appeal from the sentence, (b) [Movant] may appeal on the ground that the sentence exceeds the applicable statutory limits set forth in the United States Code; and (c) [Movant] may appeal any upward variance pursuant to 18 U.S.C. § 3553(a) from the final sentencing guideline range as calculated by the

1

District Court.

(D.I. 21 ¶ 10)

On February 5, 2010, the Honorable Joseph J. Farnan, Jr. sentenced Movant to a total of 120 months of imprisonment, followed by ten years of supervised release. (D.I. 36; D.I. 53 at 19-20) The judgment was entered on February 17, 2010. (D.I. 36) Movant did not appeal.

Movant filed the instant § 2255 Motion in November 2012, at which time the case was reassigned to the undersigned's docket. (D.I. 40) Thereafter, Movant "supplemented" his § 2255 Motion with an additional ground for relief. (D.I. 48; D.I. 49) Respondent filed an Answer in Opposition to Movant's § 2255 Motion, arguing that the Motion should be denied as time-barred. (D.I. 54 at 7-11) Alternatively, the Government contends the Motion should be denied as barred by the collateral attack waiver contained in Movant's Plea Agreement, or because the claims asserted therein are meritless. (D.I. 54 at 11-19)

## III. DISCUSSION

Movant asserts two grounds for relief: (1) defense counsel provided ineffective assistance by failing to object to the determination that Movant's offense level was dictated by Section 2D1.1(b)(1) of the Sentencing Guidelines; and (2) defense counsel provided ineffective assistance by failing to inform Movant prior to his guilty plea that he would be classified as a "career offender" under the Sentencing Guidelines. (D.I. 40 at 13-15; D.I. 48 at 1-2)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by federal prisoners. *See* 28 U.S.C. § 2255. The one-year limitations period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

2

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year limitations period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010) (equitable tolling applies in § 2254 proceedings); *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998) (explaining that one-year limitations period set forth in § 2255 is also subject to equitable tolling).

Movant does not allege, and the Court cannot discern, any facts triggering the application of § 2255(f)(2) or (4). However, citing *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*, 132 S.Ct. 1399 (2012),[2] Movant asserts that he is entitled to a later filing date under § 2255(f)(3). This argument is unavailing. First, every federal appellate Court to consider the issue has held that *Lafler* and *Frye* did not establish a "new rule of constitutional law" for the purposes of § 2255 or 28 U.S.C. § 2244. *See Wert v. United States*, 596 F. App'x 914, 917-18 (11th Cir. 2015) ("As we conclude that *Lafler* did not involve a newly recognized right, we do not consider whether *Lafler* applies retroactively."); *United States v. Crisp*, 573 F. App'x 706, 708-09 (10th Cir. 2014) ("No reasonable jurist

---

[2]In *Frye*, the Supreme Court clarified that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 132 S.Ct. at 1408. Consequently, defense counsel's performance is deficient if he allows a formal "offer to expire without advising the defendant or allowing him to consider it." *Id.* In *Lafler*, the Supreme Court clarified that the Sixth Amendment right to effective assistance of counsel under *Strickland* extends to the negotiation and consideration of plea offers that were rejected. *See Lafler*, 132 S.Ct. at 1385.

3

would debate the district court's determination that *Frye* and *Lafler* did not announce a new constitutional right that would extend the limitations period under § 2255(f)(3)."); *Navar v. Warden Fort Dix FCI*, 569 F. App'x 139, 140 n.1 (3d Cir. 2014) ("[N]either *Lafler* nor *Frye* announced a new rule of constitutional law, as required for authorization to file a second or successive section 2255 motion."); *Gallagher v. United States*, 711 F.3d 315, 316 (2d Cir. 2013) ("Neither *Lafler* nor *Frye* announced a new rule of constitutional law; both are applications of *Strickland v. Washington*."); *Pagan-San Miguel v. United States*, 736 F.3d 44, 45 (1st Cir. 2013); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879-80 (7th Cir. 2012); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012) ("[W]e join the Eleventh Circuit in concluding that neither case decided a new rule of constitutional law."). Moreover, even if *Lafler* or *Frye* announced a new rule of constitutional law, neither case contains any language regarding the retroactivity of the rule, and no subsequent Supreme Court case has held that the rule applies retroactively on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."). In short, neither *Lafler* nor *Frye* satisfies § 2255(f)(3). Therefore, the one-year period of limitations began to run when Movant's conviction became final under § 2255(f)(1).

In this case, Judge Farnan sentenced Movant on February 5, 2010, and the judgment was entered on February 17, 2010. Because Movant did not file a direct appeal, his conviction became final on March 3, 2010, the date on which the fourteen-day period for filing an appeal expired. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Accordingly, to comply with the one-year limitations period, Movant had to file his § 2255 Motion no later than March 3, 2011. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) & (e) applies to federal habeas petitions).

4

Movant did not file the instant § 2255 Motion until November 20, 2012,[3] approximately one year and eight months after the expiration of the filing deadline. Thus, the instant § 2255 Motion must be dismissed as time-barred, unless equitable tolling is available.

The one-year limitations period may tolled for equitable reasons only if a movant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648-49. Equitable tolling is not available where the late filing is due to a movant's excusable neglect. *See Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004); *Miller*, 145 F.3d at 618-19. Consistent with these principles, the Third Circuit has limited equitable tolling of § 2255's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

Here, Movant does not assert (and the Court cannot discern any basis for him to assert) that any extraordinary circumstances prevented him from timely filing the instant Motion. To the extent Movant's untimely filing was the result of legal ignorance or a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Hence, because the doctrine of equitable tolling is not available to Movant on the facts he has presented, the Court will deny the instant Motion as time-barred.[4]

---

[3]Pursuant to the prison mailbox rule, the Court adopts the date on the Motion – November 20, 2012 -- as the date of filing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("[A] *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it prison officials for mailing . . .").

[4]The Court's conclusion that it must dismiss the instant Motion as time-barred obviates the need to address the Government's additional arguments for dismissing the Motion.

5

## IV. PENDING MOTION

During the pendency of this proceeding, Movant filed a Motion for the Appointment of Counsel, seeking representation to help him determine if he qualifies for a "2 point reduction" under the "Smarter Sentencing Act, S1410." (D.I. 57) The Smarter Sentencing Act of 2014 was proposed in the last Congress but was not enacted into law. *See* https://www.govtrack.us/congress/bills/113/s1410 (last visited September 10, 2015). Thus, the Court will deny Movant's Motion for the Appointment of Counsel to determine the applicability of the Smarter Sentencing Act of 2014 to his case.

## V. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Movant is not entitled to relief under § 2255. Therefore, an evidentiary hearing is not warranted.

## VI. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that it must deny Movant's § 2255 Motion as time-barred, and is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

## VII. CONCLUSION

For the foregoing reasons, the Court will dismiss Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence without an evidentiary hearing. Additionally, the Court will not issue a certificate of appealability. The Court shall issue an appropriate Order.